Roberto Luis Costales, Esq. (#33696)
William H. Beaumont, Esq. (#33005)
Emily A. Westermeier, Esq. (#36294)
BEAUMONT COSTALES
3801 Canal Street Suite 207
New Orleans, LA 70119
Telphone: (504) 534-5005
costaleslawoffice@gmail.com
whbeaumont@gmail.com
emily.costaleslawoffice@gmail.com

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| CARA CARBO,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>THE FOOT CLINIC OF<br>BATON ROUGE, LLC,<br><br>　　　　Defendant. | Case No.:<br><br><br>COMPLAINT<br>JURY TRIAL DEMANDED |

**COMPLAINT**
**JURY TRIAL DEMANDED**

Plaintiff, Cara Carbo, through her attorneys, files this Complaint against Defendant The Foot Clinic of Baton Rouge, LLC.

**NATURE OF THE ACTION**

1.　　This is an action by Cara Carbo ("Plaintiff") to recover unpaid regular and overtime wages. Plaintiff was employed as a receptionist by The Foot Clinic of Baton Rouge ("Defendant"). While working for the Defendant, Plaintiff was regularly not paid any compensation for time periods of work that she performed. This failure to pay Plaintiff stemmed from Defendant's policy of paying Plaintiff only after she signed in to work each day, whereby Defendant paid Plaintiff according to a set schedule and without regard for the work Plaintiff performed that was outside

COMPLAINT - 1

that schedule. Plaintiff was also not paid one-and-a-half times her regular hourly rate for all hours worked in excess of forty hours a workweek. Defendant's conduct is a violation of the overtime and minimum wage provisions the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207 and 206.

2. Plaintiff seeks to recover from Defendant unpaid wages, interest, liquidated damages, and attorneys' fees and costs. 29 U.S.C. § 216(b). Plaintiff also brings this action to obtain declaratory and injunctive relief. Id.

## JURISDICTION

3. The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 (federal question) and 29 U.S.C. § 216(b) (FLSA).

## VENUE

4. Venue is proper in this Court because a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in this judicial district. See 28 U.S.C. § 1391(b).

## PARTIES

### Plaintiff Cara Carbo

5. Plaintiff was hired by Defendant in approximately January 2016 and worked for Defendant until approximately October 2016.

6. Plaintiff is a resident of Louisiana. Plaintiff worked for Defendants in Baton Rouge, Louisiana.

7. Plaintiff worked as a receptionist. In connection therewith Plaintiff's duties included answering phones, scheduling appointments, checking in patients, medical billing, and other related activities.

8. Defendant paid Plaintiff $13.50 per hour. For every hour that she worked in excess of forty in any particular week she was still paid $13.50 per hour.

COMPLAINT - 2

9. At all relevant times, Plaintiff was an "employee" of the Defendant as that term is defined in the FLSA, 29 U.S.C. § 203(e).

### Defendant The Foot Clinic of Baton Rouge, LLC

10. Defendant The Foot Clinic of Baton Rouge, LLC ("Foot Clinic") is a limited liability company organized under the laws of Louisiana with its principal place of business in Baton Rouge, Louisiana.

11. Foot Clinic is in the business of providing foot care services in the Baton Rouge Area, including foot and ankle pain relief as well as diabetic foot care.

12. Foot Clinic supervised the day to day work activities of Plaintiff.

13. Foot Clinic determined Plaintiff's work schedule for the employment at issue herein.

14. Foot Clinic maintains an employment file for the Plaintiff.

15. Foot Clinic is an "enterprise" as that term is defined by the FLSA, 29 U.S.C. § 203(r)(1), and it is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

16. Foot Clinic is an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d), an "enterprise" within the meaning of FLSA, 29 U.S.C. § 203(r), and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. § 203(s)(1).

### FACTUAL ALLEGATIONS

17. Defendant Foot Clinic is a medical clinic that provides foot care services, including foot and ankle pain relief as well as diabetic foot care.

18. Defendant paid Plaintiff by check.

19. Plaintiff arrived at work before her shift began and performed work in preparation for her shift before clocking in for work at 7:00 a.m.

COMPLAINT - 3

20. Defendant did not pay Plaintiff for the mandatory work in preparation for beginning her shift that she performed before clocking in.

21. Plaintiff often worked more than 40 hours a week for the Defendant. From approximately February 2016 until April 2016, Plaintiff was required to work at least 47 hours per week.

22. Defendant never paid Plaintiff one-and-half times her hourly rate for all hours worked in excess of forty in a workweek.

23. Defendant willfully violated Plaintiff's rights under the FLSA because Defendant knew or showed reckless disregard for the fact that its compensation practices violated the FLSA. Defendant was and is aware of the custom and practice of overtime pay from its experience and expertise in the industry in which it works.

## COUNT I
### Fair Labor Standards Act – FLSA Overtime

24. Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

25. Defendant willfully violated the overtime provisions of the FLSA, 29 U.S.C. § 207(a) by not paying Plaintiff one-and-a-half times her regular rate for all hours worked in excess of forty in a workweek.

26. As a consequence of Defendant's FLSA violations, Plaintiff is entitled to recover her unpaid overtime wages, plus an additional amount in liquidated damages, pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

Plaintiff asks the court to enter judgment in her favor against Defendant and issue an order:

a. Entering judgment in the amount of all unpaid regular and overtime wages due and owing to the Plaintiff as well as all applicable liquidated damages;

b. Declaring that Defendant's conduct violated the FLSA;

c. Enjoining Defendant from violating the FLSA's overtime provisions;

d. Awarding Plaintiff her reasonable attorneys' fees and costs of this action;

e. Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action; and

f. Awarding such other general and equitable relief as this Court deems equitable and just.

## **JURY DEMAND**

Plaintiff demands trial by jury on all issues for which a jury trial is allowed.

*Respectfully submitted,*

*/s/ Roberto Luis Costales*　　　　　　　　*/s/ William H. Beaumont*

Roberto Luis Costales　　　　　　　　William H. Beaumont
3801 Canal Street, Suite 207　　　　　3801 Canal Street, Suite 207
New Orleans, LA 70119　　　　　　　New Orleans, LA 70119
Louisiana Bar #33696　　　　　　　　Louisiana Bar #33005
Telephone: (504) 534-5005　　　　　　Telephone: (504) 483-8008
Facsimile: (504) 272-2956　　　　　　*whbeaumont@gmail.com*
*costaleslawoffice@gmail.com*


*/s/ Emily A. Westermeier*

Emily A. Westermeier
3801 Canal Street, Suite 207
New Orleans, LA 70119
Louisiana Bar #36294
Telephone: (504) 534-5005
*emily.costaleslawoffice@gmail.com*

*Attorneys for Plaintiff*

COMPLAINT - 5